

# The Attorney General of Texas

October 29, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. MW-78

Re: Authority and duty of a justice of the peace, acting in his capacity as a magistrate to administer the statutory warnings set forth in article 15.17, Code of Criminal Procedure, within the security perimeter of a county jail.

Dear Mr. Curry:

You have requested our opinion concerning the duty of a justice of the peace acting as a magistrate to administer the warnings pursuant to article 15.17, Code of Criminal Procedure. See Code Crim. Proc. art. 2.09. You ask whether the magistrate has the authority to give the warnings at places within his county other than his courtroom. You specifically ask whether he may give the warnings within the security perimeter of the county jail in a line-up or show-up room.

Article 15.17 provides:

> In each case enumerated in this Code, the person making the arrest shall without unnecessary delay take the person arrested or have him taken before some magistrate of the county where the accused was arrested. The magistrate shall inform in clear language the person arrested of the accusation against him and of any affidavit filed therewith, of his right to retain counsel, of his right to remain silent, of his right to have an attorney present during any interview with peace officers or attorneys representing the state, of his right to terminate the interview at any time, of his right to request the appointment of counsel if he is indigent and cannot afford counsel, and of his right to have an examining trial. He shall also inform the person arrested that he is not required to make a statement and that any

statement made by him may be used against him.  The magistrate shall allow the person arrested reasonable time and opportunity to consult counsel and shall admit the person arrested to bail if allowed by law.

See also Code Crim. Proc. art. 14.06.

There is no provision in article 15.17 as to where the warnings must be issued. Presumably it may be anywhere in the county where the magistrate may be found, including the county jail.  His jurisdiction is county wide.  Gilbert v. State, 493 S.W. 783 (Tex. Crim. App. 1973).

Finally, you ask whether the magistrate has a duty to leave his courtroom and travel elsewhere in the county for the purpose of administering warnings under article 15.17.  The statute gives the law enforcement officer the responsibility of bringing the prisoner before the magistrate.  Thus, as you conclude in your brief, the magistrate is under no obligation to travel to the place the prisoner is being held.  Of course, once the arrested person is brought before the magistrate, we believe he has a duty to give the required warning.

### SUMMARY

Under article 15.17, Code of Criminal Procedure, the magistrate may give warnings anywhere in the county but he has no duty to travel to any certain place in order to give the warnings.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
James Allison

David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood